MICHAEL J. HEYMAN
United States Attorney

SETH BRICKEY
MAC CAILLE PETURSSON
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: seth.brickey-smith@usdoj.gov
Email: mac.caille.petursson@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  vs.<br><br>JONATHAN PAVLIK, VINCENT JACOBSON, KYLE DIERICK, MICHAEL BABIC, and TIMOTHY ROSS,<br><br>        Defendants. | No. 1:25-cr-00007-TMB-MMS<br><br><u>COUNTS 1–4</u>:<br>LACEY ACT CONSPIRACY<br>  Vio. of 18 U.S.C. § 371<br><br><u>COUNTS 5–9</u>:<br>LACEY ACT—UNLAWFUL SALE<br>  Vio. of 16 U.S.C. §§ 3372(a)(1), 3373(d)(1)(B)<br><br><u>COUNTS 10–14</u>:<br>LACEY ACT—FALSE LABELING<br>  Vio. of 16 U.S.C. §§ 3372(d), 3373(d)(3)(A)(ii)<br><br><u>CRIMINAL FORFEITURE ALLEGATION</u>:<br>  16 U.S.C. § 3374(a)(2); 28 U.S.C. § 2461(c); and Rule 32.2(a) |

**INDICTMENT**

The Grand Jury charges that:

# RELEVANT LAW AND REGULATIONS

1. Pursuant to the Lacey Act, 16 U.S.C. § 3372(a)(1), it is unlawful for any person to import, export, transport, sell, receive, acquire, or purchase any fish taken, possessed, transported, or sold in violation of any law, treaty, or regulation of the United States.

2. Pursuant to 50 C.F.R. § 679.40(a)(5), any quota share (QS) and associated individuals fishing quota (IFQ) for halibut and sablefish within the Exclusive Economic Zone (EEZ) off Alaska are assigned to vessels in the following categories: Category A QS and associated IFQ, which authorizes an IFQ permit holder to harvest and process IFQ species on a vessel of any length; Category B QS and associated IFQ, which authorizes an IFQ permit holder to harvest IFQ species on a vessel of any length; Category C QS and associated IFQ, which authorizes an IFQ permit holder to harvest IFQ species on a vessel less than or equal to 60 ft (18.3 m) in length overall (LOA): Category D QS and associated IFQ, which authorizes an IFQ permit holder to harvest IFQ halibut on a vessel less than or equal to 35 ft (10.7 m) LOA, except as provided in § 679.42(a).

3. Pursuant to 50 C.F.R. § 679.42(a)(2), the QS or IFQ assigned to one vessel category must not be used to harvest IFQ species on a vessel of a different vessel category, unless excepted.

4. Pursuant to 50 C.F.R. § 679.42(c), any individual who harvests halibut or sablefish with fixed gear within the EEZ off Alaska must have a valid IFQ permit, and if a hired master is conducting the harvest, a valid IFQ hired master permit, and must be aboard the vessel at all times during the fishing trip and be present during the landing.

5. Pursuant to 50 C.F.R. § 679.7(f)(2), it is unlawful for any person to intentionally submit false information on any report, application, or statement required under this part.

6. 16 U.S.C. § 773e(1)(A) makes it unlawful for any person to violate any provision of the Convention between the United States of America and Canada for the Preservation of Halibut Fishery of the Northern Pacific Ocean and Bering Sea (signed in 1953 and amended in 1979), subchapter 773e, or any regulation adopted under that subchapter.

7. Pursuant to the Lacey Act, 16 U.S.C. § 3372(d), it is unlawful for any person to make or submit any false record, account, or label for, or any false identification of, any wildlife, which has been, or is intended to be transported in interstate or foreign commerce.

## COUNT 1
(Lacey Act Conspiracy)

8. Paragraphs 1 through 7 of the Indictment are realleged and incorporated by reference.

9. Beginning on a date no later than on or about September 28, 2019, and continuing to at least on or about August 25, 2022, within the District of Alaska and elsewhere, the defendants, JONATHAN PAVLIK and VINCENT JACOBSON, knowingly combined, conspired, confederated, and agreed with each other to commit an offense against the United States, that is: to knowingly import, export, transport, sell, receive, acquire, and purchase any fish taken, possessed, transported, and sold in violation of any law, treaty, and regulation of the United States, in violation of the Lacey Act, 16 U.S.C. § 3372(a)(1).

10. The conspiracy involved the sale and purchase of, the offer of sale and purchase of, and the intent to sell and purchase, fish with a market value in excess of $350.

OBJECT OF THE CONSPIRACY

11. The object of the conspiracy was to profit by illegally harvesting halibut in International Pacific Halibut Commission area 3A near Yakutat.

MANNER AND MEANS OF THE CONSPIRACY

12. The manner and means by which JONATHAN PAVLIK and VINCENT JACOBSON sought to accomplish the object and purpose of the conspiracy included, among others, the following:

13. In furtherance of the conspiracy and to effect its illegal object, JONATHAN PAVLIK and VINCENT JACOBSON harvested and landed halibut without having been aboard the vessel at all times during the fishing trip, in violation of 50 C.F.R. § 679.42(c).

14. In furtherance of the conspiracy and to effect its illegal object, JONATHAN PAVLIK paid money and other valuable consideration to harvest halibut from fishing gear set by VINCENT JACOBSON while JONATHAN PAVLIK was not aboard the vessel, in violation of 50 C.F.R. § 679.42(c).

15. In furtherance of the conspiracy and to effect its illegal object, VINCENT JACOBSON paid money and other valuable consideration to harvest halibut from fishing gear set by JONATHAN PAVLIK while VINCENT JACOBSON was not aboard the vessel, in violation of 50 C.F.R. § 679.42(c).

16. In furtherance of the conspiracy and to effect its illegal object, JONATHAN PAVLIK and VINCENT JACOBSON paid money and other valuable consideration for

JONATHAN PAVLIK to land halibut harvested by VINCENT JACOBSON while JONATHAN PAVLIK was not aboard the vessel, in violation of 50 C.F.R. § 679.42(c).

17. In furtherance of the conspiracy and to effect its illegal object, JONATHAN PAVLIK and VINCENT JACOBSON, at the time they landed halibut, falsely reported that the halibut was creditable to their respective IFQ balances, but in truth the halibut had been harvested from fishing gear that was set while they were not aboard the vessel.

## OVERT ACTS

18. In furtherance of the conspiracy and to effect its illegal object, JONATHAN PAVLIK and VINCENT JACOBSON committed the following overt acts, among other, in the District of Alaska and elsewhere:

19. Overt Act 1: On or about September 28–31, 2019, JONATHAN PAVLIK aboard F/V Morgan retained halibut from fishing gear that had been previously set by VINCENT JACOBSON aboard F/V Epic at a time when JONATHAN PAVLIK was not aboard F/V Epic.

20. Overt Act 2: On or about October 2, 2019, JONATHAN PAVLIK landed halibut under his IFQ permit from F/V Morgan, falsely reporting the vessel of harvest and that the halibut was creditable to his and others' IFQ balance, but in truth the halibut had been harvested from fishing gear that was set by F/V Epic while he was not aboard the vessel.

21. Overt Act 3: On or about July 19, 2020, VINCENT JACOBSON aboard F/V Epic retained halibut from fishing gear that had been previously set by JONATHAN PAVLIK aboard F/V Morgan at a time when VINCENT JACOBSON was not aboard the F/V Morgan.

22. Overt Act 4: On or about July 19, 2020, VINCENT JACOBSON landed halibut under his IFQ permit from F/V Epic, falsely reporting the vessel of harvest and that the halibut was creditable to his and others IFQ balance, but in truth the halibut had been harvested from fishing gear that was not set by the F/V Epic while he was not aboard the vessel.

23. Overt Act 5: On or about August 24, 2022, JONATHAN PAVLIK directed his crew aboard F/V New Era to receive halibut on his behalf from VINCENT JACOBSON aboard F/V Epic that was harvested by F/V Epic at a time that neither JONATHAN PAVLIK or his crew were aboard.

24. Overt Act 6: On or about August 24, 2022, JONATHAN PAVLIK landed halibut under his IFQ permit from F/V New Era, falsely reporting the vessel of harvest and that the halibut was creditable to his IFQ balance, but in truth the halibut had been harvested from fishing gear that was set by F/V Epic and subsequently transferred to the F/V New Era, all while JONATHAN PAVLIK was not aboard the vessel.

25. Overt Act 7: On or about August 25, 2022, JONATHAN PAVLIK aboard F/V New Era retained halibut from fishing gear that had been previously set by VINCENT JACOBSON aboard F/V Epic at a time when JONATHAN PAVLIK was not aboard the F/V Epic.

26. Overt Act 8: On or about August 25, 2022, JONATHAN PAVLIK landed halibut under his IFQ permit from F/V New Era, falsely reporting the vessel of harvest and that the halibut was creditable to his IFQ balance, but in truth the halibut had been harvested from fishing gear that was set by F/V Epic while he was not aboard the vessel.

27. Overt Act 9: On or about August 25, 2022, JONATHAN PAVLIK paid VINCENT JACOBSON money for the halibut that was transferred on August 24, 2022, and for the halibut JONATHAN PAVLIK retained from the fishing gear previously set by VINCENT JACOBSON.

28. All of which is in violation of 18 U.S.C. § 371.

## COUNT 2
(Lacey Act Conspiracy)

29. Paragraphs 1 through 7 of the Indictment are realleged and incorporated by reference.

30. On or about October 20, 2020, within the District of Alaska and elsewhere, the defendants, JONATHAN PAVLIK and KYLE DIERICK, and others known to the grand jury, knowingly combined, conspired, confederated, and agreed with each other to commit an offense against the United States, that is: to knowingly import, export, transport, sell, receive, acquire, and purchase any fish taken, possessed, transported, and sold in violation of any law, treaty, and regulation of the United States, in violation of the Lacey Act, 16 U.S.C. § 3372(a)(1).

31. The conspiracy involved the sale and purchase of, the offer of sale and purchase of, and the intent to sell and purchase, fish with a market value in excess of $350.

## OBJECT OF THE CONSPIRACY

32. The object of the conspiracy was to profit by illegally harvesting halibut in International Pacific Halibut Commission area 3A near Yakutat.

//

## MANNER AND MEANS OF THE CONSPIRACY

33. The manner and means by which JONATHAN PAVLIK and KYLE DIERICK sought to accomplish the object and purpose of the conspiracy included, among others, the following:

34. In furtherance of the conspiracy and to effect its illegal object, KYLE DIERICK paid money and other valuable consideration to land halibut harvested by JONATHAN PAVLIK while KYLE DIERICK was not aboard the vessel, in violation of 50 C.F.R. § 679.42(c).

35. In furtherance of the conspiracy and to effect its illegal object, KYLE DIERICK paid money and other valuable consideration to harvest halibut from fishing gear previously set by JONATHAN PAVLIK while KYLE DIERICK was not aboard the vessel, in violation of 50 C.F.R. § 679.42(c).

36. In furtherance of the conspiracy and to effect its illegal object, KYLE DIERICK, at the time of landing halibut, falsely reported that the halibut was creditable to his IFQ balance, but in truth the halibut had been harvested from fishing gear that was set while he was not aboard the vessel.

## OVERT ACTS

37. In furtherance of the conspiracy and to effect its illegal object, JONATHAN PAVLIK and KYLE DIERICK committed the following overt acts, among other, in the District of Alaska and elsewhere:

//

//

38. Overt Act 1: On or about October 20, 2020, KYLE DIERICK landed halibut harvested by JONATHAN PAVLIK aboard F/V New Era while KYLE DIERICK was not aboard the vessel.

39. Overt Act 2: On or about October 20, 2020, KYLE DIERICK landed halibut from fishing gear previously set by JONATHAN PAVLIK aboard F/V New Era while KYLE DIERICK was not aboard the vessel.

40. Overt Act 3: On or about October 20, 2020, KYLE DIERICK landed halibut under his IFQ permit from F/V New Era, falsely reporting that the halibut was creditable to his IFQ balance, but in truth the halibut had been harvested from fishing gear that was set while he was not aboard the vessel.

41. All of which is in violation of 18 U.S.C. § 371.

## COUNT 3
(Lacey Act Conspiracy)

42. Paragraphs 1 through 7 of the Indictment are realleged and incorporated by reference.

43. Beginning of a date no later than on or about October 7, 2022, and continuing to at least on or about October 13, 2022, within the District of Alaska and elsewhere, the defendants, JONATHAN PAVLIK and MICHAEL BABIC, and others known to the grand jury, knowingly combined, conspired, confederated, and agreed with each other to commit an offense against the United States, that is: to knowingly import, export, transport, sell, receive, acquire, and purchase any fish taken, possessed, transported, and sold in violation of any law, treaty, and regulation of the United States, in violation of the Lacey Act, 16

U.S.C. § 3372(a)(1).

44. The conspiracy involved the sale and purchase of, the offer of sale and purchase of, and the intent to sell and purchase, fish with a market value in excess of $350.

## OBJECT OF THE CONSPIRACY

45. The object of the conspiracy was to profit by illegally harvesting halibut in International Pacific Halibut Commission area 3A near Yakutat.

## MANNER AND MEANS OF THE CONSPIRACY

46. The manner and means by which JONATHAN PAVLIK and MICHAEL BABIC sought to accomplish the object and purpose of the conspiracy included, among others, the following:

47. In furtherance of the conspiracy and to effect its illegal object, MICHAEL BABIC paid money and other valuable consideration to land halibut harvested by JONATHAN PAVLIK while MICHAEL BABIC was not aboard the vessel, in violation of 50 C.F.R. § 679.42(c).

48. In furtherance of the conspiracy and to effect its illegal object, MICHAEL BABIC, at the time of landing halibut, falsely reported that the halibut was creditable to his IFQ balance, but in truth the halibut had been harvested by JONATHAN PAVLIK while MICHAEL BABIC was not aboard the vessel.

## OVERT ACTS

49. In furtherance of the conspiracy and to effect its illegal object, JONATHAN PAVLIK and MICHAEL BABIC committed the following overt acts, among other, in the District of Alaska and elsewhere:

50. Overt Act 1: On or about October 8, 2022, JONATHAN PAVLIK harvested approximately 1,684 pounds of halibut aboard F/V New Era while MICHAEL BABIC was not aboard the vessel.

51. Overt Act 2: On or about October 8, 2022, MICHAEL BABIC landed halibut under his IFQ permit from F/V New Era, falsely reporting that the halibut was creditable to his IFQ balance, but in truth the halibut had been harvested from fishing gear that was set while he was not aboard the vessel.

52. Overt Act 3: On or about October 10, 2022, JONATHAN PAVLIK harvested approximately 2,645 pounds of halibut aboard F/V New Era while MICHAEL BABIC was not aboard the vessel.

53. Overt Act 4: On or about October 10, 2022, MICHAEL BABIC landed halibut under his IFQ permit from F/V New Era, falsely reporting that the halibut was creditable to his IFQ balance, but in truth the halibut had been harvested from fishing gear that was set while he was not aboard the vessel.

54. Overt Act 5: On or about October 11, 2022, JONATHAN PAVLIK harvested approximately 1,535 pounds of halibut aboard F/V New Era while MICHAEL BABIC was not aboard the vessel.

55. Overt Act 6: On or about October 11, 2022, MICHAEL BABIC landed halibut under his IFQ permit from F/V New Era, falsely reporting that the halibut was creditable to his IFQ balance, but in truth the halibut had been harvested from fishing gear that was set while he was not aboard the vessel.

//

56. Overt Act 7: On or about October 12, 2022, JONATHAN PAVLIK harvested approximately 1,489 pounds of halibut aboard F/V New Era while MICHAEL BABIC was not aboard the vessel.

57. Overt Act 8: On or about October 13, 2022, MICHAEL BABIC landed halibut under his IFQ permit from F/V New Era, falsely reporting falsely reporting that the halibut was creditable to his IFQ balance, but in truth the halibut had been harvested from fishing gear that was set while he was not aboard the vessel.

58. All of which is in violation of 18 U.S.C. § 371.

## COUNT 4
(Lacey Act Conspiracy)

59. Paragraphs 1 through 7 of the Indictment are realleged and incorporated by reference.

60. Beginning of a date no later than on or about March 29, 2023, and continuing to at least on or about July 15, 2024, within the District of Alaska and elsewhere, the defendants, JONATHAN PAVLIK and TIMOTHY ROSS, and others known to the grand jury, knowingly combined, conspired, confederated, and agreed with each other to commit an offense against the United States, that is: to knowingly import, export, transport, sell, receive, acquire, and purchase any fish taken, possessed, transported, and sold in violation of any law, treaty, and regulation of the United States, in violation of the Lacey Act, 16 U.S.C. § 3372(a)(1).

61. The conspiracy involved the sale and purchase of, the offer of sale and purchase of, and the intent to sell and purchase, fish with a market value in excess of $350.

## OBJECT OF THE CONSPIRACY

62. The object of the conspiracy was to profit by illegally harvesting halibut in International Pacific Halibut Commission area 3A near Yakutat.

## MANNER AND MEANS OF THE CONSPIRACY

63. The manner and means by which JONATHAN PAVLIK and TIMOTHY ROSS sought to accomplish the object and purpose of the conspiracy included, among others, the following:

64. In furtherance of the conspiracy and to effect its illegal object, TIMOTHY ROSS paid money and other valuable consideration to land halibut harvested by JONATHAN PAVLIK while TIMOTHY ROSS was not aboard the vessel, in violation of 50 C.F.R. § 679.42(c).

65. In furtherance of the conspiracy and to effect its illegal object, TIMOTHY ROSS, at the time of landing halibut, falsely reported that the halibut was creditable to his IFQ balance, but in truth the halibut had been harvested by JONATHAN PAVLIK while TIMOTHY ROSS was not aboard the vessel.

## OVERT ACTS

66. In furtherance of the conspiracy and to effect its illegal object, JONATHAN PAVLIK and TIMOTHY ROSS committed the following overt acts, among others, in the District of Alaska and elsewhere:

67. Overt Act 1: On or about March 29, 2023, JONATHAN PAVLIK harvested approximately 1,474 pounds of halibut aboard F/V New Era while TIMOTHY ROSS was not aboard the vessel.

68. Overt Act 2: On or about March 29, 2023, TIMOTHY ROSS landed halibut under his IFQ permit from F/V New Era, falsely reporting that the halibut was creditable to his IFQ balance, but in truth the halibut had been harvested by JONATHAN PAVLIK while TIMOTHY ROSS was not aboard the vessel.

69. Overt Act 3: On or about March 30, 2023, JONATHAN PAVLIK harvested approximately 452 pounds of halibut aboard F/V New Era while TIMOTHY ROSS was not aboard the vessel.

70. Overt Act 4: On or about March 30, 2023, TIMOTHY ROSS landed halibut under his IFQ permit from F/V New Era, falsely reporting that the halibut was creditable to his IFQ balance, but in truth the halibut had been harvested by JONATHAN PAVLIK while TIMOTHY ROSS was not aboard the vessel.

71. Overt Act 5: On or about April 14, 2023, JONATHAN PAVLIK harvested approximately 1,450 pounds of halibut aboard F/V New Era while TIMOTHY ROSS was not aboard the vessel.

72. Overt Act 6: On or about April 14, 2023, TIMOTHY ROSS landed halibut under his IFQ permit from F/V New Era, falsely reporting that the halibut was creditable to his IFQ balance, but in truth the halibut had been harvested by JONATHAN PAVLIK while TIMOTHY ROSS was not aboard the vessel.

73. All of which is in violation of 18 U.S.C. § 371.

## COUNTS 5–9
(Lacey Act—Unlawful Sale)

74. Paragraphs 1 through 73 of the Indictment are realleged and incorporated by

reference.

75. On or about August 31, 2023, through on or about October 11, 2023 within the District of Alaska, the defendant, JONATHAN PAVLIK, did knowingly import, export, transport, sell, receive, acquire, and purchase, fish with a market value in excess of $350, which JONATHAN PAVLIK, knew was taken, possessed, transported, and sold in violation of the laws and regulations of the United States, namely, 50 C.F.R. § 679.42(a)(2), in that JONATHAN PAVLIK conducted three landings of halibut from F/V New Era pursuant to a Class D IFQ permit, when that halibut had been harvested on F/V Bad Intentions, a vessel greater than 35 ft (10.7 m) LOA and ineligible to harvest pursuant to a Class D permit, with each being a separate and distinct count, as shown in the chart below:

| Count | Dates of Harvest | Date of Landing | IFQ Permit Number | Halibut Weight (Pounds) |
|---|---|---|---|---|
| 5 | August 31, 2023 | August 31, 2023 | 131087 | 390 |
| 6 | September 9–11, 2023 | September 11, 2023 | 131087 | 2,325 |
| 7 | September 13–16, 2023 | September 16, 2023 | 131087 | 3,697 |
| 8 | September 30–October 1, 2023 | October 1, 2023 | 131087 | 2,956 |
| 9 | October 10–11, 2023 | October 11, 2023 | 131087 | 327 |

All of which is in violation of 16 U.S.C. § 3372(a)(1) and 16 U.S.C. § 3373(d)(1)(B).

## COUNT 10–14
(Lacey Act—False Labeling)

76. Paragraphs 1 through 73 of the Indictment are realleged and incorporated by reference.

77. On or about August 31, 2023, through on or about October 11, 2023, within the District of Alaska, the defendant, JONATHAN PAVLIK, made and submitted a false record of fish, which had been, and was intended to be transported in interstate and foreign commerce, and which had been, and was intended to be sold for a market value greater than $350, that is, by making and certifying Halibut/Sablefish IFQ Landing Receipts which falsely reported halibut was harvested from F/V New Era pursuant to a Class D IFQ permit 131087, when in truth the halibut had been harvested by the F/V Bad Intentions, a vessel greater than 35 ft (10.7 m) LOA and ineligible to harvest pursuant to a Class D permit, as shown in the chart below, with each being a separate and distinct count:

| Count | False Record | Reported Harvesting Vessel | Actual Harvesting Vessel |
|---|---|---|---|
| 10 | Halibut/Sablefish IFQ Landing Receipt dated August 31, 2023 | F/V New Era (ADFG 78498) | F/V Bad Intentions (ADFG 37609) |
| 11 | Halibut/Sablefish IFQ Landing Receipt dated September 11, 2023 | F/V New Era (ADFG 78498) | F/V Bad Intentions (ADFG 37609) |
| 12 | Halibut/Sablefish IFQ Landing Receipt dated September 16, 2023 | F/V New Era (ADFG 78498) | F/V Bad Intentions (ADFG 37609) |
| 13 | Halibut/Sablefish IFQ Landing Receipt dated October 1, 2023 | F/V New Era (ADFG 78498) | F/V Bad Intentions (ADFG 37609) |
| 14 | Halibut/Sablefish IFQ Landing Receipt dated October 11, 2023 | F/V New Era (ADFG 78498) | F/V Bad Intentions (ADFG 37609) |

All of which is in violation of 16 U.S.C. § 3372(d) and 16 U.S.C. § 3373(d)(3)(A)(ii).

//

## CRIMINAL FORFEITURE ALLEGATION

The allegations contained in Counts 5–14 of this Indictment are realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 16 U.S.C. § 3374(a)(2); 28 U.S.C. § 2461(c); and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

Upon conviction of Counts 5–14 of this Indictment, the defendant, JONATHAN PAVLIK, shall forfeit to the United States pursuant to 16 U.S.C. § 3374(d) and 28 U.S.C. § 2461(c), any vessels, vehicles, aircraft, and other equipment used to aid in the importing, exporting, transporting, selling, receiving, acquiring, and purchasing of wildlife involved in the commission of the offense, including, but not limited to:

1. the 40-foot vessel F/V Bad Intentions, ADFG 37609; and
2. the 26-foot F/V New Era, ADFG 78498.

//

//

//

//

//

//

//

//

//

//

All pursuant to 16 U.S.C. § 3374(a)(2); 28 U.S.C. § 2461(c); and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL.

s/ Grand Jury Foreperson
GRAND JURY FOREPERSON

s/ Mac Caille Petursson
MAC CAILLE PETURSSON
Assistant U.S. Attorney
United States of America

s/ Michael J. Heyman
MICHAEL J. HEYMAN
United States Attorney
United States of America

DATE: July 16, 2025

Page 18 of 18
Case 1:25-cr-00007-TMB-MMS   Document 2   Filed 07/17/25   Page 18 of 18